RECEIVED
USDC, WESTERN DISTRICT OF LA
DANIEL J. McCOY, CLERK

DATE: 10/21/26
BY: [signature]

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 1:26-CR-00053-01<br>DISTRICT JUDGE DOUGHTY |
| VERSUS | MAGISTRATE JUDGE HORNSBY |
| JUSTICE HUNTER, | |
| Defendant | |

## PLEA AGREEMENT

A. INTRODUCTION

1. This document contains the complete plea agreement between the government and **JUSTICE HUNTER**, the defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the defendant, an attorney for the defendant, and an attorney for the government. The terms of this plea agreement are only binding on the defendant and the government if the Court accepts the defendant's guilty plea.

B. THE DEFENDANT'S OBLIGATIONS

1. **JUSTICE HUNTER** shall appear in open court and plead guilty to the One-count indictment pending in this case.

C. THE GOVERNMENT'S OBLIGATIONS

1. If the defendant completely fulfills all obligations and agreements under this plea agreement, the government agrees that the pending indictment will

constitute the defendant's sole criminal exposure, based on the investigation that forms the basis of the indictment.

2. The government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the defendant to receive a one-point reduction in offense level should that offense level be 16 or greater, as the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate resources efficiently.

3. Considering the defendant's full acceptance of responsibility, the United States and the defendant agree to make a joint sentencing recommendation of credit for time served.

D. SENTENCING

**JUSTICE HUNTER** understands and agrees that:

1. The maximum punishment on Count One is a term of imprisonment of up to eight (8) years (pursuant to 18 U.S.C. § 111(a)) and a fine of not more than $250,000 (pursuant to 18 U.S.C. § 3571);

2. The defendant shall be required to pay a special assessment of $100 **at the time of the guilty plea** by means of a cashier's check, official bank check, or money order payable to "Clerk, U.S. District Court";

3. The defendant may receive a term of supervised release of not more than three (3) years in length pursuant to 18 U.S.C. § 3583(b), in addition to any term of imprisonment imposed by the Court;

4. A violation of any condition of supervised release at any time during the period of supervised release may result in the defendant being incarcerated over and above the statutory maximum for the offense of conviction;

5. The period of incarceration for a violation of a condition of supervised release could be as much as the full term of supervised release initially ordered by the Court, regardless of the amount of time of the supervised release the defendant has successfully completed;

6. In addition to the penalties set forth in the preceding paragraphs, the Court may order the defendant to make restitution to the victim(s) in this case, and that the amount of restitution and method of payment is at the discretion of the Court;

7. Any fine and/or restitution imposed as part of the defendant's sentence will be due and payable immediately, the defendant will be held liable for all restitution jointly and severally with all co-defendants, and any federal income tax refund received by the defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

8. The defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on him to be used in consideration of his ability to pay restitution or fine that may be imposed by the Court;

9. As part of the presentence investigation, the government will make available to the Court all evidence developed in the investigation of this case;

10. This case is governed by the Sentencing Reform Act as modified by *United States v. Booker*, 543 U.S. 220 (2005), and the defendant has discussed the Sentencing Guidelines and its applicability with his counsel and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

11. The sentencing judge alone will decide what sentence to impose; and

12. The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

E. APPEAL WAIVER

1. The defendant understands that he has a statutory right to challenge his guilty plea and/or sentence on direct appeal. In exchange for the promises and concessions made by the United States in entering this plea agreement, the defendant knowingly and voluntarily waives his right to challenge on direct appeal:

a. whether the factual basis found by the Court supports his conviction; and

b. The substantive reasonableness of any sentence imposed by the Court if within, or lower than, the guideline range determined by the Court, or if the sentence was imposed pursuant to a statutory mandatory minimum. This waiver does not restrict the defendant's right to challenge, on direct appeal, the district court's calculation of the advisory guideline range.

2. The defendant understands and acknowledges that the United States preserves all its rights as set forth in 18 U.S.C. § 3742(b).

F. REINSTATEMENT OF ORIGINAL INDICTMENT

1. **JUSTICE HUNTER** understands and agrees that should this plea be overturned for any reason at a later date, the indictment, in its entirety, will be automatically reinstated without need for presentment to a Grand Jury or any motion or other action by the government.

G. ENTIRETY OF AGREEMENT

1. This plea agreement consists of this document and any addendum required by Standing Order 1.86. The defendant, the defendant's attorney, and the government acknowledge that this plea agreement is a complete statement of the parties' plea agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

H. SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT

I have read this plea agreement and have discussed it fully with my client, **JUSTICE HUNTER**. I concur in **JUSTICE HUNTER** pleading guilty as set forth in this plea agreement.

Dated: 9/23/26

Charles H. Kammer, LSBA NO. 21658
Assistant Federal Public Defender
300 Fannin Street, Suite 2199
Shreveport, LA 71101
Email: pete_kammer@fd.org

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: 9/23/26

JUSTICE HUNTER
*Defendant*

I accept and agree to this plea agreement on behalf of the United States of America.

ZACHARY A. KELLER
United States Attorney

Dated: 10/20/26

Sam crichton for

DANIEL J. VERMAELEN, LA Bar No. 36715
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501-7206
(337) 262-6618